## Osterheldt, Appellant, *v.* Peoples.

*Negligence—Wagon—Lumber projecting from end of wagon.*

In an action by a woman against the owner of a team of horses and a wagon to recover damages for personal injuries, it appeared that at the time of the accident the wagon was heavily loaded with lumber which projected about five feet from the rear of the vehicle. In turning a corner the projecting lumber struck and injured the plaintiff. The testimony showed that the body of the wagon was directly in front of plaintiff when she stopped on the crossing where she was struck, and that consequently the driver who was sitting in front of the wagon had then passed the crossing. The evidence showed that the horses were walking, and that the driver made the turn in a proper way, and on the proper side of the street. *Held,* that the evidence was insufficient to convict the defendants of negligence, and that binding instructions were properly given in favor of the defendants.

Argued Jan. 15, 1904.   Appeal, No. 209, Jan. T., 1903, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1902, No. 2395, on verdict for defendant in case of Mary Osterheldt v. Robert J. Peoples et al., trading as Peoples Brothers.   Before MITCHELL, C. J., DEAN, FELL, BROWN. MESTREZAT, POTTER and THOMPSON, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before BEITLER, J.

The fact are stated in the opinion of the Supreme Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*D. J. Dolan* and *James McMullan*, with them *Richard C. Dale*, for appellant.—The case was for the jury : Schmidt v. McGill, 120 Pa. 405 ; Streitfeld v. Shoemaker, 185 Pa. 265 ; Phila. & Reading R. R. Co. v. Spearen, 47 Pa. 300 ; Kleinert v. Delaware Ice & Coal Co., 6 Pa. Superior Ct. 594 ; Christian v. Commercial Ice Co., 3 Pa. Superior Ct. 320.

*J. Martin Rommel*, for appellees.—This case is ruled by Dennison v. North Penn. Iron Co., 22 Pa. Superior Ct. 219.

OPINION BY MR. JUSTICE MESTREZAT, March 7, 1904 :

Fourth street in the city of Philadelphia runs north and south, crossing Walnut street at right angles.   In the center of each street is a single street car track.   On September 16, 1902, an employee of the defendants drove their wagon, drawn by two horses, north on the car track on Fourth street.   The wagon was heavily loaded with sticks of lumber about eight or nine inches square, which projected about five feet from the rear of the vehicle.   The driver sat in front and on top of the wagon and the horses were walking.   As the team approached Walnut street, it turned to go east on the south side of that street.   The plaintiff, who was walking east on the south side of Walnut street, arrived at the crossing as the team was passing.   She was struck by the part of the lumber projecting from the rear of the wagon and severely injured. This action was brought to recover damages for these injuries

which the plaintiff alleges were caused by the negligence of the driver in charge of the defendants' team.

The plaintiff is a woman fifty-six years of age. She and a police officer were the only witnesses who testified to what occurred at the time of the accident. She says she was going east on the south side of Walnut street and attempted to cross Fourth street about eleven o'clock of the day she was injured. She testified: " Q. Will you just describe what happened at the time you attempted to cross Fourth street? A. I started to cross and took a couple of steps. I saw the team and stopped. It suddenly turned down Walnut street. I stepped back a couple of steps. The lumber hit me and threw me down. It hit me on my right limb and threw me on the left.". She further testified that she did not see the driver, but that as she was stepping down or about to step down from the pavement into the cartway of the street, she saw the horses and wagon approaching and the heads of the horses were then about two feet south of the crossing-stones on Fourth street. She took two or three steps on the crossing and stopped. The body of the wagon was then in front of her. As the wagon began to turn down Walnut street and the projecting part of the lumber was nearing her, she took one or two steps back, and while doing so was struck by the lumber. When asked on the witness stand why she did not get back out of the way, she replied, " I did step back and thought I was out of the way."

The officer was standing on the northeast corner of Walnut and Fourth streets when the accident occurred. He saw the wagon thirty feet south of the crossing, and as it continued from that point to Walnut street. He says the wagon was ten or fifteen feet south of the crossing when the plaintiff stopped on the crossing stones, about three steps from the curb, to permit it to pass, and that " the moment the wagon swung she made a motion to get out of the way," but "she was struck before she could move." He further testified that as the wagon turned into Walnut street, the rear end of the projecting lumber swept a space half the distance from the car track to the curbstone.

The negligence set forth in the statement as the basis of this action is that the defendants did not use due " care and

caution in loading, managing and driving the horses and wagon, and in looking about to see who might be on the street, but on the contrary carelessly and negligently drove the same in the car track northward along the said Fourth street to its intersection at the said Walnut street," and then without taking any of the ordinary precautions to prevent injury to those who might happen to be lawfully on said highways at the time, the horses and wagon with the projecting lumber were so carelessly and negligently turned into the said Walnut street that the lumber struck and injured the plaintiff. It will be observed that the negligence complained of and alleged in the statement consists of the failure to exercise due care in loading and driving the wagon and in the driver not "looking about to see who might be on the street" in order to avoid an accident. The learned trial judge held that the evidence did not sustain the averments of negligence and granted a nonsuit. A careful examination of the testimony convinces us that he was right in his conclusion.

This was an ordinary lumber wagon carrying a load of heavy lumber placed on it in the usual and ordinary way. The lumber projected four or five feet beyond the rear end of the wagon, but so far as appears from the evidence, this was neither a careless nor an unusual manner of loading it. It was not shown to be a careless act in itself to transport lumber on a wagon the length of which was less than that of the lumber, which in such cases necessarily extends beyond one or both ends of the wagon. In fact, the plaintiff introduced no testimony to establish her allegation that the defendants did not exercise care and caution in loading the wagon. This averment in her statement, therefore, has nothing to support it, and of course is eliminated from the case.

But it is contended that the driver was negligent in the manner in which he approached and turned into Walnut street. In support of this contention, it is claimed that it was not necessary for him to turn his wagon on the crossing to get his team into Walnut street ; that he did not look for pedestrians ; that he drove in a direction opposite to that in which the cars run on Fourth street and that he suddenly and abruptly turned the wagon on the crossing which no prudent person would be obliged to anticipate.

It was the duty of the driver of this wagon to approach the intersection of the two streets with the care demanded by the circumstances. He could not carelessly run down a pedestrian on the crossing, nor by any sudden or negligent turn of his wagon cause the projecting lumber to strike and injure a person who was exercising care in the use of the street. But the defendants had the right to drive their wagon on the street and it is not shown that they deprived themselves of that right by the manner in which the lumber was placed on the wagon. The load was heavy and the horses were walking as the team proceeded north on Fourth street and until after the accident occurred. The wagon was on the car track, in the middle of the street, until it turned into Walnut street. The driver was occupying his proper place on the wagon with an unobstructed view of persons and objects at the intersection of the streets and was in full control of the horses which were being driven at a walking speed. As he intended going east on Walnut street, he very properly turned into the south side of the street along which he would proceed to his destination. There is no evidence whatever tending to show that he turned into Walnut street at an improper place or in an improper or careless manner. If he failed to exercise care in either respect, the burden was on the plaintiff to show it and not on the defendants to disprove it.

So far as appears, the plaintiff was the only person at the crossing at the time of the accident. Her own testimony shows that the body of the wagon was directly in front of her when she stopped on the crossing where she was struck, and that consequently the driver had then passed the crossing. She, therefore, placed herself in the position after the driver, who was occupying the seat in the front part of the wagon, had passed the crossing and just as the wagon was turning into Walnut street. At that time the driver had no reason to believe that any person was on the crossing and would be injured by the projecting lumber. He was required to direct his attention in front of him to avoid a collision with persons on the south side of Walnut street and with any street car that might be going west on that street. His proper route going east was on the south side of Walnut street. Had he passed to the opposite side in making the turn, he would have had to recross the

street car track.  It does not appear that the conditions of travel at the place required him to do so.  He had noticed no one on the crossing as he had passed the moment before he began to turn, and he could not anticipate that any person would approach the wagon so closely as to endanger himself while it was in the act of turning.  No inference of negligence, therefore, can arise from the fact that the wagon was on the crossing when the team turned into Walnut street.

We do not agree with appellant's counsel that a reasonably prudent person would have been justified in presuming that this wagon would continue north on Fourth street and would not turn when it arrived at Walnut street.  If such a presumption arises under the facts shown to exist here, the driver of every vehicle on the streets of the city would be compelled to give notice to all persons in the vicinity of intersecting streets of his intention to change his course of travel or else be open to a charge of negligence in case of an accident, notwithstanding he had exercised the greatest care in the control and management of his team.  In other words, the failure to give such notice would in itself sustain the allegation of negligence.  The proposition is wholly untenable.  While a careless or improper manner of turning from one street into another may convict the driver of a vehicle of negligence, the mere fact that a person injured thereby did not anticipate that the driver would change his course, would not be evidence of a want of care on the part of the person in charge of the team.

There is no evidence that the driver of this wagon did not look for pedestrians when he attempted to turn into Walnut street ; and the fact that he drove in a direction opposite to that in which the cars run on Fourth street, disclosed no want of care on his part or that of his employers.  Persons in using the streets of a city, either as pedestrians or in vehicles, are not required to travel in the same direction as the owners of a street car line may think proper to run their cars.  This suggestion of appellant's counsel is wholly without merit and needs no further consideration.

The testimony in the case having failed to show that the plaintiff's injuries were the result of the defendant's negligence, the judgment is affirmed.